Roger CLINE and Clancy Hurlburt, Appellants (Plaintiffs Below),

v.

The BOARD OF TRUSTEES OF the COUNTY SCHOOL CORPORATION OF BROWN COUNTY, and Shelby Keaton, Clerk of the Brown Circuit Court, Appellees (Defendants Below).

No. 07S01–8901CV–63.

Supreme Court of Indiana.

March 7, 1989.

Alfred I. Towell, Bloomington, for appellants.

Ronald L. Chapman, Cotner, Andrews, Mann & Chapman, Bloomington, for appellees.

## PER CURIAM.

This case arises from a dispute over the implementation of a new redistricting plan by the Board of Trustees of the County School Corporation of Brown County ("School Board"). Plaintiffs challenged the election of an at-large trustee under the new plan. Plaintiffs appeal the Brown Circuit Court's ruling that the trustee was a duly elected member of the School Board. We affirm.

The facts in this case date back to January 22, 1986, when the School Board adopted the plan in accordance with I.C. § 20–1–10–1 *et seq.* The new plan provided for the creation of three resident districts with comparable populations and for the election of five trustees, each serving four-year terms. One trustee from each district would be selected during the primary election every four years beginning in 1990.

The plan called for the other two trustees to serve without reference to resident districts. These at-large trustees would be selected during the primary election every four years beginning in 1988. The plan further specified that no more than two of the five members of the School Board be elected from any one district.

The plan was to take effect as of the May 3, 1988, primary. Prior to that primary, however, the Board sought to clarify the plan. It stated in its minutes:

> The plan should take effect to the extent which it's possible at the first primary election. It would actually take two primary elections to finish the procedure. No redistricting plan could affect the uncompleted 4 year term of a duly elected board member.

On May 3, 1988, Steven A. Miller from District 3 and Patricia Bond from District 2 were elected to at-large positions on the School Board. At the time, one of the incumbent trustees lived in District 3, and the other two, including Linda Hobbs, lived in District 2. Hobbs had been elected as a representative from District 1 before the effective date of the plan. Although she did not move, the redistricting left Hobbs in District 2. Thus, after the May 1988 primary, three of the five trustees lived in

District 2. Hobbs has continued to serve as trustee in accordance with Ind.Code § 20-4-10.1-3(a)(3) (Burns 1988 Supp.), which provides in relevant part:

The terms of the members of the governing body, either elected to or taking office on or prior to the time the plan takes effect, shall not be shortened.

This action for declaratory judgment and injunctive relief against the School Board and the Clerk who certified the election results was filed on June 13, 1988. The plaintiffs are Roger Cline, a resident of District 1, and Clancy Hurlburt, an unsuccessful candidate for the School Board in the May primary. Their complaint alleged that Patricia Bond was improperly seated on the School Board because the redistricting had left two of the incumbent trustees living in District 2. Inasmuch as the new plan allowed only two of the five trustees to live in any one district, Cline and Hurlburt claimed no other residents of District 2 could be elected to the Board during the May primary. They argued that the third-place finisher in the May primary, Deborah Cosand of District 1, should be seated in Bond's place.

Special Judge John G. Baker found in favor of the School Board and the Clerk. He ruled that the plan adopted by the School Board contemplates a transition period for implementation—a period that apparently will end with the 1990 election of three trustees from the new resident districts. Judge Baker noted that the situation which prompted this lawsuit could not reoccur once the new plan became fully operative, in light of Ind. Code § 20-4-1-26.4(g) (Burns 1988 Supp.). That statute provides in relevant part:

Candidates having the greatest number of votes are elected. However, if more than the maximum number that may be elected from a residence district are among those having the greatest number of votes, the lowest of those candidates from the residence districts in excess of the maximum number shall be eliminated in determining the candidates who are elected.

In a lengthy footnote, Judge Baker ruled that a complaint for declaratory judgment would be an appropriate method for attacking the selection of the trustees only if there was no question regarding the eligibility of those individuals. If eligibility was at issue, Judge Baker noted that an action under Ind.Code § 3-12-8-1 (Burns 1988 Supp.) would be necessary. That statute provides that any candidate for nomination or election to a local or school board office at a primary, general or municipal election may contest the election of a candidate who is declared elected to the office. Ind. Code § 3-12-8-2 (Burns 1988 Supp.) states:

An election may be contested under Section 1 of this chapter if a petitioner alleges that the contestee was ineligible.

Judge Baker rejected the plaintiffs' claim that they are not contesting the eligibility of any contestees. He noted that all candidates from District 2 would be ineligible if, as the plaintiffs have argued, Hobbs and Rogers were from new District 2. Therefore, Judge Baker determined that either all of the contestees are eligible (as he stated earlier in his order) or plaintiffs are prohibited from challenging the election under the provisions of Ind. Code § 3-12-8-2. Plaintiffs appealed. The School Board sought immediate transfer of this appeal to this Court pursuant to Appellate Rule 4(A)(10). The School Board is in the midst of a school renovation and expansion project which could be invalidated by an adverse ruling in this case. This Court granted the School Board's petition on January 18, 1989.

■ Appellants first contend that the School Board was required to strictly follow the plan's requirement of only two members from a district once the plan became effective in May. They concede that a school board has some flexibility in approving provisions which will aid the transition from the previous selection method to the new plan and that such provisions may delay implementation of some aspects of the new plan. However, Appellants maintain that the Board has no authority to delay implementation of essential elements

of the plan, including the residential requirements for the School Board trustees.

Appellants refer to Ind.Code § 20–4–10.1–2(a) (Burns 1988 Supp.), which requires that a selection plan for school boards must list any limitations on residence, term of office, and other qualifications required by "members" of the boards. Appellants contend that "members" includes incumbents. They note that the plan makes no reference to prior districts. Accordingly, Appellants believe that the plan clearly requires that no more than two trustees live in District 2 even if the redistricting left a District 1 representation in District 2.

The School Board contends it adhered to the plan which it adopted. It notes that the plan requires that no more than two members may be *elected* from the same district. The School Board argues that only two members have been elected from the same district because only two have been elected from the newly formed resident districts. The other members were elected from the old districts.

The School Board argues that full implementation of the plan was impossible. If that had occurred, Hobbs could not represent District 1 because she now resides in newly formed District 2. Yet she was elected as the trustee from District 1 under the old selection process. Consequently, she was entitled to serve until the end of her term under Ind. Code § 20–4–10.1–3(a)(3), despite the redistricting.

The School Board also refers to Ind.Code § 20–4–1–26.5(e) (Burns 1988 Supp.), which states in part, "A vacancy does not occur when the member moves from a district of the school corporation from which the member was elected or appointed as long as the member continues to be a resident of the school corporation." Since moving does not affect the ability of Hobbs to be a representative of the district from which she was elected, the School Board suggests that a change in the boundaries of the district should have no greater effect on her ability to represent that district.

The School Board suggests that Ind.Code § 20–4–10.1–2(a) (Burns 1988 Supp.) recognizes these type of difficulties may arise by providing, "Any plan or proposed plan may have any additional details, necessary or desirable, to make the provisions of the plan workable." Moreover, the Board notes that § 20–4–10.1–3(b) (Burns 1988 Supp.) provides that "[a]ny plan shall be construed, if possible, to comply with this chapter."

The School Board is correct. The plan's limitation on the number of trustees from a particular district seems to apply only to those *elected* from the particular district. Hobbs was elected to represent District 1 and continues to serve in that capacity, despite the fact that the redistricting left her in District 2. That leaves only two trustees currently serving on the Board who have been elected from District 2—a number in harmony with the plan and statutory law.

The statutory framework for selecting school board trustees does seem to anticipate a transition period after a new plan is adopted. The School Board did all that it could do—or was expected to do—to fully implement the new plan. Indeed, the election of trustees from the three new districts in 1990 will correct the circumstances in dispute.

Appellants next claim that the School Board's plan fails to conform to the statutory option which it supposedly follows—option 3 of Ind.Code § 20–4–1–26.2(c) (Burns 1988 Supp.) [formerly Ind.Code § 20–4–1–26(3)(c) (Burns 1985 Repl.)]. Of six options in that statute, option 3 is one of only two which does not specifically provide for at-large trustees. Appellants believe Ind.Code § 20–4–10.1–3(b) (Burns 1988 Supp.) clearly envisions that the plan provisions must fall where they are in conflict with statutory law. That statute provides:

... If any provision of the plan, or any application of the plan, violates this chapter, the invalidity does not affect the other provisions or applications of the plan that can be given effect without the invalid provision or application. To this

end, all provisions of any plan are severable.

Thus, Appellants conclude that the inclusion of at-large trustees in the plan requires a finding that the School Board violated statutory law and therefore has been illegally constituted since May.

The School Board concedes that option 3 of Ind.Code § 20–4–1–26.2(c) does not specifically designate at-large trustees. However, the School Board notes that option 3 provides for five trustees, with only three to be elected from three respective districts. The School Board is correct in arguing that the other two trustees are by their very nature "at-large" trustees, inasmuch as option 3 does not require that they live in any particular district and they are not district representatives.

■ Appellants complain that approval of the status quo will allow continued violation of the rule requiring no more than two trustees from the same district. They suggest that a conflict will arise whenever both at-large members are from the same district. Appellants concede that Ind.Code § 20–4–1–26.4(g) may bar that result. As noted earlier in this opinion, that statute provides a striking procedure when the limitation on the number of board members from a particular district would be violated if the candidates receiving the highest number of votes were seated on the board. However, Appellants suggest that statute should apply to this situation and require the replacement of the second-place finisher from District 2 with the third-place finisher from District 1.

The striking procedure in Ind.Code § 20–4–1–26.4(g) is inapplicable to this case, in light of our conclusion that the School Board only reached the maximum number of trustees from a particular district after the trustees elected in 1988 were seated on the Board. However, as Appellants concede, the statute will prevent excessive representation by residents of one district in the future.

Inasmuch as we have concluded that Appellants' complaint fails on the merits, we need not address their assertion that a general election contest is an appropriate vehicle for their claims.

The judgment of the trial court is affirmed.